WEYLIN HOTEL CORPORATION, Appellant, *v.* LOUIS R. RITTER et al., Respondents, et al., Defendants.

Appeal from an order of the Supreme Court at Special Term, entered March 31, 1952, in New York County, which granted a motion by defendants for dismissal of the complaint.

Order affirmed, with $20 costs and disbursements to respondents.

PECK, P. J. (dissenting). It is not apparent why the Lobers and the Miami Ponce de Leon Company were not joined as parties plaintiff in this action or an assignment of their rights made to plaintiff. Defendants are entitled to have any claims which might be asserted by any and all of these persons determined in a single action, or at least be assured of protection from split or multiple claims, and it may be that all necessary parties plaintiff are not included in the action and defendants may have a defense on that ground. On the narrow question presented on the instant motion and appeal, however, of whether a cause of action is stated in favor of the plaintiff corporation, I think the complaint alleges facts sufficient to give plaintiff standing to sue. Therefore, I dissent and vote to reverse the order appealed from and to deny the motion to dismiss the complaint.

Dore, Callahan and Bergan, JJ., concur in decision; Peck, P. J., dissents and votes to reverse and deny the motion to dismiss the complaint in opinion.

Order affirmed, with $20 costs and disbursements to respondents. No opinion. [See *post,* p. 914.]

In the Matter of the Dissolution of A.B.C. WHOLESALE FLORISTS, INC. WALTER HEDGECOCK et al., Appellants; MIKE B. SPANAKOS, Respondent.— The issue as to whether Spanakos was the owner of twenty-five or fifty shares of the stock would seem properly referable under the present circumstances. It would seem to depend *inter alia* on whether the alteration in the note was fraudulent so as to wipe out the underlying debt and whether Spanakos had obtained title to the pledged stock by legal means. That the corporation issued a new certificate based on a belief that Spanakos had title to the shares would not be controlling on the right to maintain dissolution proceedings. We think, however, the issue should have been referred without publication or notice to the Attorney-General or creditors but merely in order to advise the court of the facts upon which it would act in determining whether to entertain the dissolution application. When and if the question of stock ownership is determined and if it appears that a deadlock exists, then the court may decide whether the situation warrants further proceedings under section 103 *et seq.* of the General Corporation Law in the light of the financial condition of the company and all other circumstances. Order unanimously modified by eliminating therefrom the provisions for the publication and the giving of certain notice and, as so modified, affirmed, without costs. Settle order on notice. Present — Peck, P. J., Callahan, Van Voorhis, Heffernan and Bergan, JJ.